**HELOG AG, Plaintiff,**

v.

**KAMAN AEROSPACE CORPORATION, Honeywell International, Inc., Chandler–Evans, Coltec Industries, and John Does I–V, Defendants.**

**Claudia Auer, Individually, on Behalf of the Estate of Gottfried Auer, and as Guardian AD Litem of Gudrun Auer, Sigrid Auer and Ulrike Auer, Plaintiff,**

v.

**Kaman Aerospace Corporation, Honeywell International, Inc., Chandler–Evans, Coltec Industries, and John Does I–V, Defendants.**

**Nos. 3:00CV1683(RNC), 3:00CV1684(RNC).**

United States District Court, D. Connecticut.

Sept. 30, 2002.

---

Timothy A. Bishop, Bishop & Jackson, Stratford, CT, Robert S. Young, Robert S. Young, LC, Salt Lake City, UT, for Helog AG, Claudia Auer.

Paul A. Lange, Alison L. McKay, Law offices of Paul A. Lange, Stratford, CT, for Polygon Ins.

Shaun S. Sullivan, Wiggin & Dana, New Haven, CT, Patrick J. Corcoran, Sikorsky Aircraft Corp., Stratford, CT, for Polygon Ins. Co. Ltd., Kaman Aerospace Corp.

Patrick M. Noonan, Brock Thomas Dubin, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for Honeywell Intern., Inc.

Jack G. Steigelfest, Steven J. Barber, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, Steven E. Arnold, Stanger & Arnold, LLP, West Hartford, CT, for Chandler Evans, Coltec Indus., Inc.

## RULING AND ORDER

CHATIGNY, District Judge.

These actions arise out of a helicopter crash in Germany. Plaintiff Auer, the pilot's widow, is an Austrian national, residing in Austria. Plaintiff Helog AG, a Swiss corporation with a principal place of business in Switzerland, owned and operated the helicopter and is affiliated with the pilot's German employer. The defendants are Connecticut-based companies that made the helicopter, its engine, and fuel-control unit, all of which allegedly were defective in design and manufacture.

The defendants have moved to dismiss contending that the litigation should proceed in Germany. They have stipulated that they will submit to the jurisdiction of the courts of Germany, waive statute of limitation defenses for one year after these actions are dismissed, comply with discovery requests to produce witnesses and documents in Germany, and promptly pay any post-appeal award.[1] Plaintiffs respond that I should keep the case because evidence relevant to alleged design and manufacturing defects may be found here.

■ Defendants must overcome a presumption favoring plaintiffs' choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This presumption, which is often strong in other circumstances, has less force because the foreign plaintiffs are far

---

**1.** During oral argument, plaintiffs offered to make the same stipulations for courts in plaintiffs' home fora in Austria and Switzerland.

from home. *Piper*, 454 U.S. at 255–56, 102 S.Ct. 252. "Even if [this] district was not chosen for ... forum shopping reasons, there is nonetheless little reason to assume that it is convenient for [them]." *Iragorri v. United Technologies Corp.*, 274 F.3d 65 (2d Cir.2001) (en banc).

Germany is an adequate forum in view of the defendants' stipulation to submit to the jurisdiction of its courts. *See DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 57 (2d Cir.2000)("[A]n agreement by the defendant to submit to the jurisdiction of the foreign forum can generally satisfy th[e] [alternative forum] requirement."), *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002). German law recognizes causes of action for products liability and wrongful death.[2] Plaintiffs do not seriously contend that the unavailability of trial by jury and punitive damages, available to them here, would deprive them of an adequate forum. Accordingly, the case does not present the "rare circumstance[ ] ... where the remedy offered by the other forum is clearly unsatisfactory." *Piper*, 454 U.S. at 255 n. 22, 102 S.Ct. 252.

The balance of private interest factors favors a German forum. The defendants intend to delve into issues relating to maintenance and repair of the helicopter by third parties in Germany and contributory negligence on the part of the pilot. They have a good faith basis to do so. The official report of the accident prepared by German aviation authorities notes as to potential causes that the "engine-driven fuel pump failed due to wear on two splined shaft connections." *Id.*, at 16. In addition, the report states that the pilot did not jettison the external load, which contributed to the severity of the accident, perhaps because he accidentally pushed the wrong button. Pls.' Ex. 5, at 15–16.

The presence of these issues is significant. Evidence concerning maintenance and repair of the helicopter is in Germany, as are two third parties the defendants may need to implead.[3] Evidence relating to the scene of the accident, the surrounding circumstances, the cause of the accident, the pilot's acts and omissions, and the official investigation is there as well.

Public interest factors also weigh in favor of a German forum. Plaintiffs argue with some force that the defendants' liability for designing and making defective products should be determined in Connecticut. As the defendants point out, however, trying the case to a jury far from the place of the accident (and plaintiffs' domiciles) is not in the public interest. *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839. In addition, most or all of the issues in the case may be controlled by German law. (*See Ioannides v. Marika Maritime Corp.*, 928 F.Supp. 374, 379 (S.D.N.Y.1996)) ("While the Court need not definitively resolve the choice of law issue at this point, the likelihood that foreign law will apply weighs against retention of the action.").

Weighing all these factors, the balance tips in favor of a German forum to such a degree as to justify a conditional dismissal on grounds of forum non conveniens.

Accordingly, defendants' motion is hereby granted and the actions are dismissed without prejudice.

---

2. *See* §§ 823 *et. seq.* Bürgerliches Gesetzbuch (Civil Code), §§ 1 *et. seq.* Produkthaftungsgesetz (Product Liability Act).

3. Defendants have stated that resolution of the dispute may require the joinder of third parties, "including the German helicopter operator that employed the decedent (Heli Air Zegel), and the German repair station that performed maintenance on the helicopter's engine..." Defs.' Reply Mem., at 10.